IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SUTHERLAND/PALUMBO, LLC § § Plaintiff § § v. § SSCP MANAGEMENT, INC., SDHAROD § ENTERPRISES, INC., APPLE TEXAS § RESTAURANTS, INC., TEXAS APPLE, § LLC, CHRIS DHAROD, SUNIL DHAROD § AND SHARMILA DHAROD § § Defendants. § | CIVIL ACTION NO. 4:22-cv-277 [Removed from the 43rd Judicial District Court of Parker County, Texas] |

## NOTICE OF REMOVAL

1.  Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and Local Rule 81.1, Defendant Sharmila Dharod ("Defendant") hereby submits this Notice of Removal and removes this action, filed in the in the 43rd Judicial District Court for Parker County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

### Background

2.  The Defendant filing this Notice of Removal constitutes one defendant in Cause No. CV18-1720, *Sutherland/Palumbo, LLC v. SSCP Management, Inc., et al.*, in the 43rd Judicial Court in and for Parker County, Texas. *See* Index Doc. # 176. This state court is located within the Northern District of Texas, Fort Worth Division.

3.  While the state-court case was originally filed November 20, 2018, Plaintiff Sutherland/Palumbo, LLC ("Plaintiff") filed its Fourth Amended Petition on March 31, 2022.

1

4. Defendant was added as a defendant to the state-court action for the first time through the Fourth Amended Petition. Defendant received notice of the Fourth Amended Petition on March 31, 2022.

5. In Plaintiff's Fourth Amended Petition, Plaintiff alleges claims against Defendant (and all other Defendants) under the Racketeer Influenced and Corrupt Organizations ("RICO") Act pursuant to 18 US.C. § 1962 and 1964. *See* Index, Doc. # 176.

6. Plaintiff alleges, among other things, that Defendant's (and all other Defendants) "behavior has been a pattern of racketeering consisting of related criminal activity and amounts to or poses a threat of continued criminal activity." *See* Index, Doc. # 176, p. 24. Plaintiff further alleges that Defendant (and all other Defendants) committed the RICO predicate acts of "mail and wire fraud by engaging in a scheme involving false representations relating to material information." *See* Index Doc. # 176, p. 25.

7. As damages, Plaintiff seeks in its Fourth Amended Petition, among other things, "'threefold the damages [Plaintiff] sustains' in accordance with Section 1964(c) of the United States Code." *See* Index Doc. # 176.

8. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) (stating that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable").

**Federal Jurisdiction Through a Federal Question**

9. This Court has original jurisdiction over this case under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, in particular, the RICO Act, 18 U.S.C. § 1961-1968.

10. The well-pleaded complaint rule says that "for a federal court to have 'arising under' jurisdiction, the plaintiff's federal claw claims must appear on the face of the complaint." *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012).

11. Here, Plaintiff asserts the applicability of the RICO Act on the face of its Fourth Amended Petition by clearly and unambiguously asserting claims for "Violations of 18 U.S.C. § 1962" and requesting threefold damages pursuant to "Section 1964(c) of the United States Code. *See* Index Doc. # 176, pp. 23-26. Jurisdiction also extends to all claims not involving federal law under 28 U.S.C. § 1441(c).

**Procedural Matters**

12. The procedural requirements for removal in 28 U.S.C. § 1446 are all satisfied here.

13. Venue is proper in the Northern District of Texas, Fort Worth Division, as the state-court action is pending within its jurisdictional confines. *See* 28 U.S.C. § 1146(a).

14. True and correct copies of a separate Notice to State Court of Removal of Civil Action will be served promptly upon Plaintiff's counsel of record and filed with the Clerk of the District Court of Parker County, 43rd Judicial District Court, which is attached hereto as **Exhibit A**.

15. Defendant has tendered the filing fee of $402.00 to the Clerk of this Court along with the original of this Notice of Removal.

16. In accordance with 28 U.S.C. § 1446(a), a copy of all documents filed in state court, including without limitation a copy of all process, pleadings, orders, and all other papers in the state court action are attached hereto in the Appendix. This expressly includes a true and correct copy of Plaintiff's Fourth Amended Petition, which is attached in the Appendix.

17. Pursuant to 28 U.S.C. 1446(b)(2)(C), Defendants SSCP Management, Inc. ("SSCP"), SDharod Enterprises, Inc. ("SDharod"), Apple Texas Restaurants, Inc. ("ATR"), Texas Apple, LLC ("Texas Apple"), Chris Dharod ("C. Dharod"), Sunil Dharod ("S. SDharod") (collectively, the "Defendants") [1] hereby consent to this Notice of Removal. Counsel for the undersigned represents all Defendants and has obtained consent for this removal on behalf of SSCP, SDharod, ATR, Texas Apple, C. Dharod, and S. Dharod.

18. In filing this Notice of Removal, the Defendant, or the Defendants, do not waive any defense, argument, principle of law or equity that may be available to them in this action, including but not limited to, the right to seek dismissal of the complaint or other available motions and relief as permitted by the Federal Rules of Civil Procedure or federal law.

WHEREFORE, Defendant respectfully give notice to this Court of the removal of this action from the 43rd Judicial District Court for Parker County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division in accordance with the foregoing legal authorities.

---

[1] SRS Real Estate Partners, LLC and SRS National Net Lease Group, LP were also previously named as defendants, but they were dismissed with prejudice from the state case on January 16, 2020, by Plaintiff.

Respectfully submitted,

*/s/ Hastings L. Hanshaw*
Hastings L. Hanshaw
Texas State Bar No. 24012781
hlh@hanshawkennedy.com
Collin D. Kennedy
Texas State Bar No. 24012952
cdk@hanshawkennedy.com

**HANSHAW KENNEDY HAFEN, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Fax: (972) 731-6555

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2022, a true and correct copy of the foregoing was served via the Court's ECF Filing System

/s/ Hastings L. Hanshaw

**CERTIFICATE OF CONSENT**

I am Counsel for Defendants SSCP Management, Inc. ("SSCP"), SDharod Enterprises, Inc. ("SDharod"), Apple Texas Restaurants, Inc. ("ATR"), Texas Apple, LLC ("Texas Apple"), Chris Dharod ("C. Dharod"), Sunil Dharod ("S. SDharod") (collectively, the "Defendants"). I hereby certify that on this 7th day of April, 2022, that the Defendants do and hereby have consented to the above Notice of Removal filed by Defendant Sharmila Sdharod.

/s/ Hastings L. Hanshaw